FILED

AUG 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARLENE HOYT, | No. 11-55663 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01733-BEN-RBB |
| v. | |
| CAREER SYSTEMS DEVELOPMENT CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 8, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and WARDLAW, Circuit Judges.

Plaintiff Darlene Hoyt appeals the judgment entered in favor of Defendant

Career System Development Corporation. We have jurisdiction pursuant to 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff asserts that the district court erred in its instruction to the jury regarding the "right to control." We disagree. The district court properly instructed the jury that, though the right to control is the most important factor in determining whether a worker is an employee or an independent contractor, it is not the only factor. Under California law, the jury was required to consider secondary factors, such as whether the right to discharge at will existed, if specialized skills were needed for the work, and who supplied the tools and place of work. *See S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 769 P.2d 399, 404, 408–09 (Cal. 1989). In any event, the district court's instructions told the jury only that the additional factors may show that she was an employee. Thus, it is difficult to see how Plaintiff could have been prejudiced by that instruction.

Plaintiff also argues that the district court erred when it granted summary judgment on her Unruh Civil Rights Act claim. We again disagree. Here, unlike in *Payne v. Anaheim Memorial Medical Center, Inc.*, 30 Cal. Rptr. 3d 230, 244–45 (Ct. App. 2005), Plaintiff was compensated for work and Defendant directed that work. Because the Unruh Act only applies to discrimination by a business establishment "in the course of furnishing goods, services or facilities to its clients, patrons or customers" and Plaintiff was none of these, the district court correctly granted summary judgment on Plaintiff's Unruh Act claim. *See Alcorn v. Anbro*

2

*Eng'g, Inc.*, 468 P.2d 216, 219–20 (Cal. 1970); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1125–26 (9th Cir. 2008).

**AFFIRMED.**